**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ferruccio FRISON, Defendant–
Appellant.**

No. 11–5279.

United States Court of Appeals,
Sixth Circuit.

June 28, 2012.

BEFORE: BATCHELDER, Chief
Judge; MARTIN and KETHLEDGE,
Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.

Appellant Ferruccio Frison appeals his sentence, claiming that the district court erred by treating his prior conviction under Tennessee law for Class E felony evading arrest as a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). Because this Court found in *United States v. Doyle*, 678 F.3d 429 (6th Cir.2012), that such convictions do qualify as violent felonies under the ACCA, we **AFFIRM** Frison's sentence.

**I.**

Frison pled guilty to violating 18 U.S.C. § 922(g) by being a felon in possession of a firearm. He had previously been convicted of a Class E felony under Tennessee's law against evading arrest in a motor vehicle, Tenn.Code Ann. § 39–16–603. The Presentence Investigation Report treated that conviction as one for a crime of violence and recommended that, under U.S.S.G. § 2K2.1(a)(4), Frison's base offense level be increased. Frison objected to this recommendation, pointing out that the Tennessee law specified two types of criminal vehicular evasion: the Class E felony for simply evading arrest in a motor vehicle and the stricter Class D felony status (and punishment) for those evasions that also "create[ ] a risk of death or injury to innocent bystanders or other third parties[.]" Tenn.Code Ann. § 39–16–603(b)(3). Thus, he reasoned, his Class E felony conviction was for a crime that did *not* include a serious potential risk to others and, accordingly, could not be considered a violent felony under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony"). Frison admitted that his construction of the state statute had been directly rejected in *United States v. Rogers*, 594 F.3d 517, 521 (6th Cir.2010), but preserved the issue because he believed

that the Supreme Court might vacate *Rogers* in the then-pending case, *Sykes v. United States,* —— U.S. ——, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011).

Frison's prediction was accurate. While *Sykes* concluded that a very similar motor-vehicle-evasion conviction *was* a violent felony under the ACCA, the Indiana statute it construed treated both simple vehicular evasion and vehicular evasion that posed a serious risk to others the same for purposes of punishment. 131 S.Ct. at 2277. The Court reserved judgment on whether, under a statutory scheme that punished simple evasion less than serious-risk evasion, simple evasion would qualify as a violent felony for ACCA purposes. *Id.* Because the statutory scheme in *Rogers* was precisely the type which the Court declined to consider, the Court remanded *Rogers* for consideration of whether it was consistent with the reasoning in *Sykes. Harris v. United States,* —— U.S. ——, 131 S.Ct. 3018, 180 L.Ed.2d 844 (2011) (mem.).

Frison, of course, was sentenced before the Supreme Court decided *Sykes,* and the district court properly followed *Rogers,* counted his vehicular evasion conviction as a violent felony under the ACCA, and gave Frison the enhanced sentence that the ACCA mandated. Frison now asks this Court to exercise its *de novo* review over his sentence, *United States v. Flores,* 477 F.3d 431, 434 (6th Cir.2007), and remand for resentencing in light of *Sykes.*

## II.

The *Rogers* court has not yet issued a post-remand decision. But in the meantime, this Court decided *United States v. Doyle,* which addressed essentially the same question presented by both *Rogers* and Frison's appeal. *Doyle,* 678 F.3d at 431. *Doyle* concluded that *Rogers* was correctly decided, that it was consistent with this Court's earlier decision in *United States v. Young,* 580 F.3d 373 (6th Cir. 2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 1723, 176 L.Ed.2d 202 (2010), and that *Sykes* fully supports *Rogers*'s conclusion. *Doyle,* 678 F.3d at 435.

Frison has not identified any particular in which *Doyle* (or, for that matter, *Rogers*) is distinguishable from his case, nor do we see one. Because *Doyle* is a prior published decision of this Court that squarely and directly rejects Frison's sole argument on appeal, we are bound to apply it here. *See* Sixth Circuit Rule 206(c) ("Reported panel opinions are binding on subsequent panels."); *accord United States v. Lucido,* 612 F.3d 871, 876 (6th Cir.2010).

## III.

Accordingly, we **AFFIRM** Frison's sentence.